UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LORRAINE BROWN,

                Plaintiff,

      -against-

JOHN E. WHITLEY, *Acting Secretary of the Army*, and DEPARTMENT OF THE ARMY,

                      **REPORT AND RECOMMENDATION**
                      21 CV 2933 (AMD) (CLP)

                Defendants.
------------------------------------------------------------X

**POLLAK**, Chief United States Magistrate Judge:

On May 24, 2021, plaintiff Lorraine Brown commenced this action against defendants John E. Whitley, Acting Secretary of the Army, and the Department of the Army (together, "defendants"), alleging racial and national origin discrimination, hostile work environment, retaliation, and wrongful termination from her employment as a Children's Youth Services Coordinator at the Fort Hamilton Morale, Welfare, and Recreation Community Activity Center ("MWR"), in Brooklyn, New York in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e et seq. (ECF No. 1). On January 14, 2022, plaintiff filed an Amended Complaint and defendants were directed to answer, move, or otherwise respond by March 4, 2022. (ECF Nos. 16, 18; Electronic Order, dated Feb. 18, 2022).

On February 21, 2022, plaintiff submitted a letter motion seeking leave to file a second amended complaint, adding a new plaintiff, Michelle Millwood. (Pl.'s Mot.[1]). Defendants filed

---

[1] Citations to "Pl.'s Mot." refer to plaintiff's motion for leave to file an Amended Complaint, filed Feb. 21, 2022, ECF No. 19.

a responsive letter on March 2, 2022, objecting to the plaintiff's request and seeking a stay of the deadline for defendants to respond to the Amended Complaint until plaintiff's motion was resolved. (Defs.' Resp.[2]).

For the reasons set forth below, the Court respectfully recommends that plaintiff's request to file a second Amended Complaint is denied without prejudice to plaintiff filing a formal motion to amend, including a proposed amended complaint and memorandum of law in accordance with Rule 7.1(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Defendants' request to stay their time to answer, move, or otherwise respond to the Amended Complaint is granted pending resolution of any motion to amend that plaintiff files or upon issuance of the District Judge's Order.

## DISCUSSION

### A. Legal Standard

Per Federal Rule of Civil Procedure 15(a)(1), a party may amend its complaint once as a matter of course within 21 days after serving the original complaint or within 21 days after a responsive pleading has been served. Blanchard v. Doe, No. 17 CV 6893, 2019 WL 2211079, at *3 (E.D.N.Y. May 22, 2019); Santagata v. Diaz, No. 17 CV 3053, 2019 WL 2164082, at *2 (E.D.N.Y. May 17, 2019). After that, amendments are allowed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 expresses a strong presumption in favor of allowing amendment, stating that "[t]he court should freely give leave when justice so requires." Id. While courts have broad discretion in deciding whether to grant motions to amend, the Second Circuit has cautioned that an amendment should only be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing

---

[2] Citations to "Defs.' Resp." refer to defendants' response to plaintiff's motion, filed Mar. 2, 2022, ECF No. 20.

party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007); see Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing in addition, "repeated failure to cure deficiencies by amendments previously allowed").

Rule 21 of the Federal Rules of Civil Procedure, however, governs amendments to add new parties. Fed. R. Civ. P. 21; see Momentum Luggage & Leisure Bags v. Jansport, Inc., No. 00 CV 7909, 2001 WL 58000, at *1-2 (S.D.N.Y. Jan. 23, 2001) (citing Kaminsky v. Abrams, 41 F.R.D. 168, 170 (S.D.N.Y. 1966)). Rule 21 permits the addition of new parties "at any stage of the action and on such terms as are just." Sly Magazine v. Weider Publ. L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (citing Fed. R. Civ. P. 21). The same standards that are used when considering motions to amend under Rule 15 have been applied to motions under Rule 21. See id. (holding that "courts adhere to 'the same standard of liberality afforded to motions to amend under Rule 15'" (quoting Momentum Luggage & Leisure Bags v. Jansport, Inc., 2001 WL 58000, at *2)). Like under Rule 15, courts may deny amendments under Rule 21 when there has been undue delay and the defendant can demonstrate prejudice. See, e.g., JPMorgan Chase Bank, N.A. v. IDW Grp., LLC, No. 08 CV 9116, 2009 WL 1357946, at *2-3 (S.D.N.Y. May 12, 2009) (describing the standard for denial of a motion to amend for undue delay or prejudice); Sly Magazine v. Weider Publ. L.L.C., 241 F.R.D. at 532.

B. Analysis

Plaintiff seeks to add Michelle Millwood as a plaintiff in this employment discrimination action, arguing that to do so would be in the interests of judicial economy. (Pl.'s Mot. at 1; Pl.'s Reply[3] at 2). Plaintiff asserts that Ms. Millwood was terminated from her employment with defendants "under the same facts and circumstances" as plaintiff Brown. (Pl.'s Mot. at 1).

---

[3] Citations to "Pl.'s Reply" refer to plaintiff's reply in support of her motion to amend, filed Mar. 7, 2022, ECF No. 21.

Plaintiff cites as support Ms. Millwood's Final Agency Decision relating to her termination, which states that "Mr. Hood decided to separate two other employees for the same conduct for which [Ms. Millwood] was separated: Lorraine Brown (female, Caribbean - 6 - American/African American, Black, Trinidadian). . . ." (Pl.'s Reply at 1). Plaintiff further notes that Lisa Sheehan, a Caucasian female who was Ms. Millwood's first-level supervisor, was not terminated for the same incident. (Id. at 1-2).

Defendants oppose the request to add Ms. Millwood as a plaintiff, arguing first that plaintiff has not provided a proposed amended complaint that would allow defendants and the Court to assess what factual overlap might exist between Ms. Millwood's and plaintiff's termination. (Defs.' Resp. at 2). Citing Wilson-Phillips v. Metropolitan Transportation Authority, defendants argue that in order to join a prospective plaintiff to an action, there must be a showing that the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and that there is a "question of law or fact common to all plaintiffs" that will arise in the action. No. 18 CV 417, 2018 WL 5981736, at *2 (S.D.N.Y. Nov. 14, 2018) (quoting Fed. R. Civ. P. 20(a)(1)). Defendants argue that "'[i]n discrimination cases, there is strong authority for the proposition that multiple plaintiffs cannot use Rule 20(a) to bring discrimination claims against the same employer unless there is sufficient overlap of the facts in the plaintiffs' claims.'" (Defs.' Resp. at 2 (quoting id. (collecting cases))).

In this case, defendants assert that plaintiff Brown was the subject of multiple allegations of child neglect at the MWR's Child Development Center ("CDC"), including allegations that infants missed bottle feedings, infants were fed out of schedule, a child was sent home without a shirt, and a child left the classroom without the teacher's knowledge. (Id. at 1). The investigation into these incidents was expanded after two toddlers were released into their

father's custody despite an Order of Protection where the father later allegedly murdered the children and their mother. (Id. at 2). According to defendants, plaintiff was terminated because the investigation "revealed alarming issues regarding systemic failures" resulting from plaintiff's "lack of oversight and management" and because of a possible "attempt[] to interfere with the investigation." (Id. (internal quotations omitted)).

Although Ms. Millwood was also the subject of an investigation into child neglect at the CDC, defendants contend that she was terminated because she failed to "follow procedures," "failed to take disciplinary action," and used ineffective methods to correct issues of neglect. (Id. at 2 (internal quotations omitted)). Defendants further argue that Ms. Millwood's conduct would be assessed according to different standards because Ms. Brown supervised Ms. Millwood, and Ms. Brown was alleged to have interfered in the investigation. (Id. at 2-3).

Until plaintiff has provided the Court and defendants' counsel with a proposed amended complaint, containing the exact factual allegations that plaintiff believes establishes that Ms. Millwood's claims arise "out of the same transaction, occurrence, or series of transactions or occurrences," as plaintiff's, and that there is a "question of law or fact common to both," the Court is unable to determine if plaintiff has satisfied the standards for amendment set out in Rule 21.

Accordingly, the Court respectfully recommends that plaintiff's request to file a second amended complaint be denied without prejudice to her filing an appropriate motion to amend, accompanied by a proposed amended complaint, in accordance with Local Rule 7.1. See United States Dist. Ct. Rules S. & E.D.N.Y., Civ R. 7.1(a), available at: https://www.nyed.uscourts.gov/content/local-rules-effective-october-15-2021.

Given that the plaintiff may file a formal motion to amend, defendants' time to answer or otherwise move with respect to the Amended Complaint is stayed. The Court notes that if plaintiff does file a formal motion to amend, plaintiff should consider voluntarily removing the Department of the Army as a named defendant since the head of an agency is the only proper defendant in a Title VII case brought against a government agency. See Mitchell v. Chao, 358 F. Supp. 2d 106, 112 (N.D.N.Y. 2005) (noting that it is "well-settled" that the only proper defendant in a Title VII action brought by a federal employee is the head of the department, agency, or unit (citing 42 U.S.C. § 2000e-16(c))).

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that plaintiff's request to file a second amended complaint be denied without prejudice. The Court further recommends that defendants' time to answer, move, or otherwise respond be stayed pending the District Judge's Order and the filing of plaintiff's amended complaint, if any.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:  April 22, 2022
         Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York